# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOSEPH SERIO, Personal Representative of the Unsupervised Estate of Sam P. Serio, <br>　　Plaintiff, <br><br> v. <br><br> UNIVERSITY OF CHICAGO MEDICINE, <br>　　Payee Defendant, <br><br>　　and <br><br> AMERICAN CENTURY INVESTMENT SERVICES, INC., AMERICAN CHARTERED BANK, FEDERATED INVESTORS, INC., HEARTLAND BANK & TRUST CO., JPMORGAN CHASE BANK, N.A., NICHOLAS CO., INC., PNC BANK, N.A., PACIFIC LIFE INSURANCE CO., and VANGUARD GROUP, INC., <br>　　Nominal Defendants. | CAUSE NO.: 2:16-CV-355-JVB-JPK |

## OPINION AND ORDER

This matter is before the Court on UCMC's Motion to Strike Plaintiff's Response to UCMC's Motion to Strike Portions of Plaintiff's Affidavits [DE 272], filed by Defendant University of Chicago Medicine ("UCMC") on December 28, 2018. Plaintiff filed a response on January 11, 2019, and UCMC filed a reply on January 18, 2019.

On November 20, 2018, the Court issued an Order granting an Agreed Motion for Extension of the Summary Judgment Briefing Schedule, setting a response deadline of December 21, 2018, and a reply deadline of January 21, 2019, for the briefing of motions filed on November 16, 2018. (ECF 244).

Subsequently, on December 4, 2018, Defendant UCMC filed a Motion to Strike Portions of Plaintiff's Affidavits. UCMC's December 4, 2018 Motion was not subject to the briefing

schedule set out in the Court's November 20, 2018 Order, which was applicable to motions filed on November 16, 2018. Rather, pursuant to Northern District of Indiana Local Rule 7-1, the deadline for Plaintiff's response to UCMC's December 4, 2018 Motion to Strike Portions of Plaintiff's Affidavits was December 18, 2018. *See* N.D. Ind. L. R. 7-1(d)(2)(A). However, Plaintiff did not file his response to UCMC's December 4, 2018 Motion until December 21, 2018.

In the instant motion, UCMC asks the Court to strike Plaintiff's December 21, 2018 Response to UCMC's December 4, 2018 Motion on the basis that the response was filed three days late and Plaintiff did not seek an extension of time under Federal Rule of Civil Procedure 6(b)(1) or Northern District of Indiana Local Rule 6-1 to file his response brief past the deadline.

Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . before the original time or its extension expires . . . or on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). To determine whether the neglect in filing the request for extension after the deadline expired was excusable, the Court must make an equitable determination, "'taking account of all relevant circumstances, includ[ing] the danger of prejudice . . . the length of the delay . . . the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Simstad v. Scheub*, 816 F.3d 893 (7th Cir. 2016) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The Court has reviewed the parties' representations regarding the exchange that led to the Agreed Motion for Extension of the Summary Judgment Briefing Schedule and finds that it was not the parties' intent to have the Court's November 20, 2018 Order setting deadlines apply to

2

subsequently filed motions, such as UCMC's December 4, 2018 Motion. As a result, the Court has reviewed Plaintiff's explanation for purposely filing his response to UCMC's December 4, 2018 Motion on December 21, 2018, and has also reviewed UCMC's reply to that explanation. It appears that this conflict could have been avoided had counsel for Plaintiff contacted counsel for UCMC regarding a three-day extension of time and sought leave of Court for the short extension of time, making a Local Rule 6-1 representation regarding whether opposing counsel agreed. Nevertheless, the three-day delay was short, UCMC had an opportunity to file a reply brief addressing the merits of its underlying motion, and it does not appear that Plaintiff acted in bad faith. In the interests of ruling on the merits of UCMC's underlying Motion to Strike Portions of Plaintiff's Affidavits, the Court finds good cause and excusable neglect shown and declines to strike Plaintiff's untimely response brief.

Based on the forgoing, the Court hereby **DENIES** UCMC's Motion to Strike Plaintiff's Response to UCMC's Motion to Strike Portions of Plaintiff's Affidavits [DE 272]. In the future, the failure to comply with the briefing deadlines set forth in Local Rule 7-1 or by Court order may result in the Court striking the untimely brief.

SO ORDERED this 23rd day of January, 2019.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT